IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANITA BISHOP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-185-SPS |
| | ) |
| MARTIN O'MALLEY,[1] | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Anita Bishop, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision is hereby REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

---

[1] On December 20, 2023, Martin J. O'Malley became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. O'Malley is substituted for Kilolo Kiakazi as the Defendant in this action.

engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951). *See also Casias*, 933 F.2d at 800-01.

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant's Background**

Claimant was born on May 21, 1961, and was 59 years old on the alleged amended disability onset date. (Tr. 21, 235). She was 60 years old at the time of the most recent administrative hearing. (Tr. 49). She has completed high school and has past relevant work experience working as a cleaner and a food salesclerk. (Tr. 28). Claimant asserts she has been unable to work since June 17, 2020, alleging disability due to issues with high blood pressure, PTSD, anxiety, depression, and pulmonary sclerosis. (Tr. 294).

**Procedural History**

Claimant applied for disability insurance benefits pursuant to Title II of the Social Security Act in July 2020, alleging disability beginning on September 18, 2018. (Tr. 235). Her amended onset date is June 17, 2020. (Tr. 21). Claimant's application was denied initially and on reconsideration. Following an administrative hearing, ALJ Cynthia G. Weaver issued a written opinion on August 29, 2022, determining Claimant was not disabled. (Tr. 18–33). The Appeals Council denied review, making the ALJ's written opinion the Commissioner's final decision for purposes of this appeal. (Tr. 1-3). *See* 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step four of the sequential evaluation. At step two, the ALJ found that Claimant had a severe impairment of hypertension. (Tr. 24).

Next, she found that Claimant's impairments did not meet a listing. (Tr. 26). At step four, she found that Claimant retained "the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) except she should avoid unprotected heights and climbing of ladders, ropes, or scaffolds; and she should avoid concentrated exposure to hot temperature extremes." (Tr. 26).

The ALJ found that this RFC allowed Claimant to perform her past relevant work. (Tr. 28).

## Review

Claimant contends *inter alia* the ALJ's RFC is not supported by substantial evidence. The Court agrees and the decision of the ALJ must therefore be reversed.

The relevant evidence before the ALJ reflects that on October 19, 2017, Claimant reported a long history of mental health issues, and noted she was on Prozac and Risperidone. (Tr. 584). She stated she had had several hospitalizations, and reported being molested as a child, and kidnapped as an adult. *Id*. On July 6, 2018, Claimant reported an episode of syncope while walking in her yard and talking on her phone. Other than a blood pressure of 158/92, her physical examination was normal. She was assessed with hypertension, and APRN Catherine Remer noted that she took her medications sporadically. (Tr. 412). Claimant's impairments were described as poorly controlled on October 17, 2018 because she was not taking her medications, but she exhibited no physical symptoms. (Tr. 403). Claimant reported loss of consciousness and a fall on April 9, 2019, possibly due to high blood pressure, and her blood pressure was 163/100 upon examination. She exhibited sternal tenderness but otherwise had a normal physical status. (Tr. 383). Claimant's hypertension was described as stable on August 20, 2019. *Id*.

Claimant presented to Muscogee Nation Health Care on 09/16/2020 for a COVID 19 test and was described only as well developed. (Tr. 457). On June 10, 2021, she reported intermittent chest pain with pillow orthopnea, and her blood pressure was 166/113. She reported fatigue but denied dizziness or headache. Her physical examination was normal except for abdominal tenderness. Michelle Wells D.O. noted that Claimant needed a cardiology referral due to an abnormal EKG, chest pain, and shortness of breath. (Tr. 440). On July 8, 2021, Claimant denied symptoms from hypertension, although her blood pressure was 173/94. (Tr. 429). APRN Nicole

McAlester prescribed sertraline for depression and adjusted Claimant's hypertension medications. (Tr. 434). Claimant's blood pressure was improved on July 15, 2021, and she exhibited no physical or psychiatric abnormalities. (Tr. 427). She reported on August 5, 2021 that her medication was working well to control her depression, and she denied symptoms. She had been inconsistent, however, with her blood pressure medication, and her blood pressure was 157/99; but she denied associated symptoms. (Tr. 421). On December 1, 2021, APRN McAlester urged Claimant to take her blood pressure medication, to exercise, and to avoid stress as much as possible to control her blood pressure. (Tr. 471).

An administrative hearing was held before an administrative law judge ("*ALJ*") on January 20, 2022). (Tr. 21, 34-66). The hearing demonstrated gaps in Claimant's memory. (Tr. 44-46, 55, 58). She explained that she sometimes missed her medicines because she would forget to take them, and memory problems are why she did not return some of the forms sent to her by the agency. (Tr. 46, 56-58). She explained her few activities of daily living, how her son helped her with chores, and that she missed work and required additional breaks at some jobs. (Tr. 54-60). Claimant also explained that she has low back pain and primary biliary cirrhosis, but the ALJ found she had no active treatment for either. (Tr. 47). However, Claimant's attorney pointed out that a CT scan of the lungs in April 2019 revealed a fractured vertebra at T-7. (Tr. 48, 376). Claimant was prescribed NSAID pain medications almost continually throughout the relevant period, and she had consultation with her gastroenterologist frequently. Claimant's liver doctor treated her primary liver cirrhosis with ursodial. (Tr. 349, 353, 357, 360, 363, 366, 367, 373, 374, 378, 379, 382, 385, 389, 392, 399, 404, 408, 413, 419, 422, 425, 427, 431, 435, 437, 438, 441, 445, 448, 451, 453, 456, 458, 463, 465, 468, 471).

Claimant challenges, *inter alia*, the ALJ's assessment of her RFC.  Claimant first contends although the ALJ noted she had been diagnosed and treated for depression and anxiety, she found them to be non-severe impairments. (Tr. 24). The ALJ found times in the record that Claimant denied depression. (Tr.24-25). However, the ALJ failed to address that Claimant demonstrated memory difficulties at the hearing, especially having difficulties remembering to take all her medications. *Id*. The ALJ cannot pick and choose certain portions of medical evidence that support her analysis without explaining why she is rejecting others. *Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004); *In re Hutton*, 2022 U.S. Dist. LEXIS 189762 *8 (E.D.Okla. 2022) (unpublished). Further, the ALJ does not address Claimant's medical record which contains evidence of depression and anxiety, with screening tests demonstrating a range of no depression to severe depression, and anxiety being severe to mild. (Tr. 430, 466-467). The record also reveals persistent references to Claimant's long-time depression and its treatment with antidepressant medications.

A non-severe impairment is any impairment or combination of impairments that do not significantly interfere with the ability to perform basic work activities. *Pamela R. v. Kijakazi*, 2022 U.S. Dist. LEXIS 123246 *5 (D.Utah 2022) (unpublished); 20 *CFR* §§416.920(a), 416.921, and 416.923. The ALJ overlooked that she must discuss and account for both severe and non-severe impairments in formulating a claimant's RFC. *Mushero v. Astrue,* 384 Fed.Appx. 693, 695-696 (10th Cir. 2010); 20 *CFR* §416.945(e). *Also see Carpenter v. Astrue*, 537 F.3d 1264, 1265-1266 (10th Cir. 2008) and *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995). The ALJ must include all impairments in the RFC, even those that are non-severe, and failure to do so indicates the need for a remand. *Syreetta W. D. v. Kijakazi*, 2022 U.S. Dist. LEXIS 68644 *12 (N.D.Okla. 2022) (unpublished).  In this case, the ALJ failed to do follow her own regulations. *Wells v. Colvin*,

727 F.3d 1061, 1065 & n. 12 (10th Cir. 2013), *citing Grotendorst v. Astrue*, 370 Fed.Appx. 879, 883-884 (10th Cir. 2010). It is not a harmless error because even non-severe impairments must be considered in the RFC. *See also Dorman v. Astrue*, 368 Fed.Appx. 864, 865-866 (10th Cir. 2010).

Additionally, the ALJ has no medical evidence to support her RFC. All the non-treating, non-examining reviewers of the state agency found insufficient evidence to support any limitation in the ALJ's RFC. There are no current consultative examinations in the record. In *Layman v. Colvin*, 2013 U.S. Dist. LEXIS 115416 *20 (N.D.Okla. 2013) (unpublished), the Court found "[T]here is no medical evidence or opinions regarding what Claimant can do. The ALJ determined that plaintiff could perform the full range of light work, but it is not clear how the ALJ reached that decision. [Previous CE's in previous decisions have made observations] but that does not explain how the exam results relate to light work. There are no residual functional capacity forms in the record, even from agency physicians, on which the ALJ could have relied." *Layman* at *23 was reversed and remanded with instructions.  Likewise, in the instant case, there is also a lack of medical findings to support the ALJ's RFC. To the extent there is very little medical evidence directly addressing Claimant's RFC, the ALJ made unsupported findings concerning her functional abilities. Without evidence to support her findings, the ALJ was not in a position to make an RFC determination. *Fleetwood v. Barnhart*, 211 Fed.Appx. 736, 740 (10th Cir. 2007). The Commissioner's own rules require a function-by-function analysis and a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts… and nonmedical evidence." *SSR* 96–8p. An ALJ cannot simply invent an RFC. *Baker v. Barnhart*, 84 Fed.Appx. 10, 14 (10th Cir. 2003); *Oslin v. Barnhart*, 69 Fed.Appx. 942, 948-949 (10th Cir. 2003); *Whittle v. Colvin*, 2015 WL 630923 *6 (N.D.Okla. 2015) (unpublished).

The decision of the Commissioner must accordingly be reversed, and the case remanded to the ALJ for further analysis.

## Conclusion

The Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. If on reconsideration the ALJ finds that any changes must be made to Claimant's RFC, she should then redetermine what work, if any, Claimant can perform and ultimately whether she is disabled.

Accordingly, the Court finds the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**IT IS SO ORDERD this 31st day of July, 2024.**

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma